UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HERNANDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AUTO ZONE, INC., a Nevada corporation; AUTOZONERS, LLC, a Nevada limited liability company; AUTOZONE PARTS, INC., a Nevada corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 3:18-cv-01324-JAH-AGS<br><br>**ORDER GRANTING DEFENDANTS AUTOZONE, INC., AUTOZONERS, LLC AND AUTOZONE PARTS, INC.'S MOTION TO COMPEL ARBITRATION AND STAY ACTION** |

## INTRODUCTION

Pending before the Court is Defendants Auto Zone, Inc., AutoZoners, LLC and AutoZone Parts, Inc. ("Defendants") Motion to Compel Arbitration and Stay Matter Pending Arbitration or, in the Alternative, Motion to Dismiss Pursuant to Fed. R. Civ. 12(b)(1) and Request for Judicial Notice. See [Doc. Nos. 17-1, 17-2]. Plaintiff filed no opposition. For the reasons set forth below, the Court **GRANTS** Defendants' request for judicial notice and **GRANTS** Defendants' motion, staying the action pending arbitration.

//

//

//

1

## BACKGROUND

On May 14, 2018, Marvin Hernandez ("Plaintiff") filed a Class Action Complaint in state court bringing seven causes of action against Defendants pursuant to the California Labor Code and the California Business and Professions Code. *See* Doc. No. 1-2. Defendants filed a Notice of Removal on June 18, 2018. Doc. No. 1. On September 6, 2018, Plaintiff filed his First Amended Class Action Complaint [Doc. No. 15] adding an eighth cause of action pursuant to California's Private Attorneys General Act ("PAGA"). Shortly thereafter, Defendants filed the instant motion to compel arbitration and stay the matter or, in the alternative, to dismiss pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1).

Defendants' motion sets forth the following background facts:

On or about December 24, 2012, Plaintiff electronically executed an AutoZoners Dispute Resolution Agreement ("Arbitration Agreement"), a mutual arbitration agreement requiring: "…all such disputes to be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial...[and applying] to any dispute arising out of or related to [employees'] employment with AutoZone or one of its affiliates, subsidiaries or parent companies or termination of employment." He executed a second, substantively-identical Arbitration Agreement on July 13, 2015.

The Arbitration Agreements also provides [sic] a class, collective, and representative waiver, stating that, "[t]here will be no right or authority for any dispute to be brought, heard or arbitrated as a class, collective, or representative action ("Class Action Waiver"), and this Class Action Waiver means neither party will have the right to participate in or be a representative plaintiff in a class, collective or representative action."

On October 29, 2014, former employee of AutoZoners, LLC, Jesse Alvarez, filed a PAGA action against Defendant in San Bernardino County Superior Court. On December 1, 2014, *Alvarez* was removed to the Central District, where it is currently pending.

2

## DISCUSSION

### 1. Motion to Compel Arbitration

Defendants argue that Plaintiff's first seven claims are subject to two valid, enforceable arbitration agreements which include a class waiver that requires arbitration on an individual basis. Both arbitration agreements are governed by the Federal Arbitration Act, 9 U.S.C. Section 1 et seq. ("FAA").

> The "principal purpose" of the FAA is to "ensur[e] that private arbitration agreements are enforced according to their terms." …Section 2 makes arbitration agreements "valid, irrevocable, and enforceable" as written (subject, of course, to the saving clause); § 3 requires courts to stay litigation of arbitral claims pending arbitration of those claims "in accordance with the terms of the agreement"; and § 4 requires courts to compel arbitration "in accordance with the terms of the agreement" upon the motion of either party to the agreement (assuming that the "making of the arbitration agreement or the failure ... to perform the same" is not at issue). (Citations omitted).

*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011). Plaintiffs did not file an opposition brief or a statement of non-opposition in response to Defendant's motion. Therefore, no issue as to the validity or enforceability of the agreements has been raised. The Court finds the arbitration agreements "valid, irrevocable, and enforceable" as written, requiring Plaintiff to submit his claims to arbitration in accordance with the terms of the agreements.

### 2. Motion to Stay PAGA Claim

Defendants argue that like *Alvarez*, Plaintiff brings representative PAGA claims on behalf of all similarly aggrieved non-exempt California employees of AutoZoners, LLC. In addition, Defendants highlight that Plaintiff's complaint seeks civil penalties based on the same Labor Code provisions as the *Alvarez* complaint. Submitted as Exhibit A to the Request for Judicial Notice[1] is a copy of the complaint filed in *Alvarez v. AutoZone, Inc.*,

---

[1] The court may judicially notice court filings and undisputed matters of public record. *See Fed. R. Evid.* 201(b); *Harris v. Cty. Of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

3

Case No. 5:14-cv-02471-VAP (SPx). Pursuant to the first-to-file-rule, Defendants request that Plaintiff's representative, non-arbitrable, PAGA claim be severed and stayed pending arbitration of Plaintiff's individual claims and pending the resolution of *Alvarez.*

"The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015). The rule is generally applied "when a complaint involving the same parties and issues has already been filed…." *Id.* (quoting *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir.1991)). However, the parties and issues in both cases need not be identical, only substantially similar. *Id.* at 1240. After a review of the pleadings in this action and the *Alvarez* complaint, the Court finds the two actions involve substantially similar parties and issues. Because the *Alvarez* complaint was filed more than three years prior to the complaint in the instant action, the first-to-file rule is applicable and Plaintiff's PAGA claim shall be severed and stayed pending the resolution of *Alvarez* and the completion of arbitration proceedings.

Accordingly **IT IS HEREBY ORDERED**:

1. Defendants' motion to Compel Arbitration and Stay the Action is **GRANTED**.
2. Defendants' Request for Judicial Notice is **GRANTED**.
3. Plaintiff Marvin Hernandez shall submit all of his individual claims, causes of action one (1) through seven (7), against Defendants to binding arbitration in accordance with the terms of the parties' arbitration agreements.
4. Defendants' motion to Dismiss Plaintiff Marvin Hernandez's class action allegations is **GRANTED**.
5. Plaintiff's representative PAGA claim, alleged as the eighth cause of action, is severed and stayed pending arbitration of Plaintiff's individual claims and pending the resolution of *Alvarez v. AutoZone, Inc.*, Case No. 5:14-cv-02471-VAP (SPx) ("Alvarez").

4

6. This litigation, including all pending discovery not relating to the enforceability of the arbitration agreement, is stayed pending completion of the parties' arbitration.

**IT IS SO ORDERED.**

DATED: January 4, 2019

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE