UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HERNANDEZ, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>v.<br><br>AUTO ZONE, INC., et al.,<br><br>         Defendants. | Case No.: 3:18-cv-01324-JAH-MSB<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

  On September 6, 2018, Plaintiff Marvin Hernandez, individually and on behalf of all others similarly situated, filed a first amended class action complaint under the Private Attorneys General Act of 2004 ("PAGA") against Defendants Auto Zone, Inc., Autozoners, LLC, Autozone Parts, Inc., ("Defendants") and Does 1-50 for wage and hour violations of the California Labor Code and unlawful business practices under the California Business and Professions Code. (ECF No. 15). Specifically, Plaintiff's Complaint alleges claims for (1) wage payment violations, (2) meal and rest period violations, (3) overtime violations, (4) wage statement violations, (5) waiting time penalties for failure to pay wages in a timely manner, and (6) unlawful business practices. (*Id.*).

  On September 20, 2018, Defendants filed a Motion to Compel Arbitration and Stay Matter Pending Arbitration or, in the Alternative, Motion to Dismiss Plaintiff's Complaint,

as well as a Request for Judicial Notice. (ECF Nos. 17, 17-2). On January 4, 2019, the Court issued an Order Granting that Motion and Request. (ECF No. 23). Specifically, after Plaintiff failed to oppose the existence or merits of the two purported arbitration agreements, this Court found the agreements were "valid, irrevocable, and enforceable," and therefore binding on the parties. (*Id.* at 3). Additionally, the Court took Judicial Notice of a complaint filed in *Alvarez v. Autozone, Inc.*, Case No. 5:14-cv-02471-VAP-SP. (*Id.* at 3-4). Upon review, the Court found that Plaintiff's PAGA claim against Defendants was substantially similar to claims raised in *Alvarez*, such that Plaintiff's PAGA claim was severed and stayed pursuant to the first-to-file rule. (*Id.* at 4). Therefore, the Court ordered all proceedings in this case stayed pending the outcome of the parties' arbitration and the resolution of *Alvarez*. (*Id.*).

On May 14, 2021, the Court issued an Order requiring the parties to provide a status update of the case. (ECF No. 27). The parties subsequently submitted a Joint Status Report on June 11, 2021, wherein they stated that "Plaintiff and Defendants have agreed to stipulate to join all individual claims by Plaintiff against Defendants from this action and the subsequently filed state action into one proceeding and to then submit as a whole to arbitration. The parties will be filling a stipulation to this effect within the next 30 days." (ECF No. 28).

On January 26, 2022, the parties filed a Stipulation to Submit Overlapping Matter to Arbitration and Continue Stay of Proceedings. (ECF No. 30). On January 27, 2022, the Court granted the Stipulation and ordered Plaintiff Marvin Hernandez to submit his individual claims in the Federal Action and the State Action to final and binding arbitration on an individual basis only, pursuant to the terms of the Agreements, in a single proceeding. (ECF No. 31). The Court further ordered that the above-captioned action will remain stayed pending the outcome of the individual arbitration proceedings. (*Id.*).

On December 27, 2022, the Court ordered the parties to submit a joint status report regarding the status of arbitration proceedings within 45 days of its order. (ECF No. 32). The Court further ordered that the parties shall thereafter file a joint status report every 90

days.  (*Id.*)  On February 10, 2023, the parties filed a joint status report stating that the arbitration is scheduled for August 22, 2023.  (ECF No. 35).  On May 5, 2023, the parties filed another joint status report stating that the parties have agreed to mediate this matter on September 13, 2023, and that the parties have stayed the arbitration pending mediation.  (ECF No. 38).  No joint status report has been filed since May 5, 2023.

On December 20, 2023, the Court ordered the parties to show cause as to why the action should not be dismissed from failing to comply with the Court's December 27, 2022 order requiring the parties to file a joint status report every 90 days.  (ECF No. 40).  The parties were directed to respond to the order to show cause on or before January 3, 2024.  (*Id.*).  To date, no party has responded.  Because the parties have failed to respond to the Court's December 20, 2023 order, the Court finds dismissal of this action appropriate.

A district court may dismiss an action for failure to comply with a court order.  *See* Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including:  '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'"  *Id.* at 1260-61 (citing *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986); *Henderson v. Duncan*, 779 F.2d 1421, 1423-24 (9th Cir. 1986)).

The first factor, the public's interest in expeditious resolution of litigation, always weighs in favor of dismissal.  *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

The second factor, the Court's need to manage its docket, similarly favors dismissal.  Indeed, it "is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants[.]"  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  This action has been stayed since January 2022.  The parties' failure to provide the Court a written response to show cause hinders the Court's ability to control its own docket

and therefore favors dismissal.

The third factor, risk of prejudice to Defendants, neither weighs in favor nor against dismissal given that Defendants are equally responsible for their failure to file a joint status report with Plaintiff.

While the fourth factor, the public policy favoring disposition on the merits of an action, weighs against dismissal, "this factor 'lends little support' to a party . . . whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). Here, the parties' failure to abide by the Court's order has impeded disposition on the merits.

With respect to the fifth factor, the Court finds there are no less drastic alternatives to dismissal. In the Ninth Circuit, "warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives' requirement." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987). Indeed, here, both parties were expressly warned that "[f]ailure to respond will result in the dismissal of this action." (ECF No. 40).

Consideration of the five factors supports dismissal. Accordingly, IT IS HEREBY ORDERED the action is **DISMISSED without prejudice** for failure to comply with the Court's order.

DATED: January 8, 2024

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE